FILED
United States Court of Appeals
Tenth Circuit

August 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 13-3102 |
| | (D.C. No. 5:11-CR-40045-JAR-1) |
| CARLOS RUIZ-ARREOLA, | (D. Kan.) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Carlos Ruiz-Arreola pleaded guilty to conspiracy to distribute 500 grams or

more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  The

district court sentenced him to 157 months' imprisonment, accepting the

government's motion for a downward departure from the guidelines range of 262 to

327 months' imprisonment.  Although his plea agreement stated that he would not

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal any sentence unless it departed upwards from the guidelines range determined by the court, Mr. Ruiz-Arreola filed a notice of appeal anyway. His counsel filed an *Anders v. California*, 386 U.S. 738 (1967), brief asserting that the appeal was frivolous.[1] In addition to the *Anders* brief, counsel filed a motion to withdraw. *See id*. at 744 (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). This court gave Mr. Ruiz-Arreola an opportunity to file a pro se brief, but he has not done so. *See id*.

After the *Anders* brief and motion to withdraw were filed, the government filed a sealed motion to enforce the plea agreement. Although a motion to enforce typically must be filed within twenty days after the district court transmits the record, *see* 10th Cir. R. 27.2(A)(3)(b), we exercise our authority to suspend this rule, *see id*. 2.1, and we consider the motion to enforce.[2]

In evaluating a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether

---

[1] Without mentioning the appeal waiver set forth in the plea agreement, the brief challenged the calculation of the guidelines sentencing range.

[2] In effect, we treat the motion to enforce as the government's brief on the merits since the government filed the motion to enforce after Mr. Ruiz-Arreola's counsel filed the *Anders* brief.

enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

Mr. Ruiz-Arreola's counsel concedes that (1) the appeal falls within the scope of the waiver; (2) Mr. Ruiz-Arreola knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. Thus, counsel concludes that the waiver is valid and enforceable and there are no non-frivolous grounds upon which to challenge Mr. Ruiz-Arreola's conviction or sentence.

Upon our independent review of the parties' filings, the plea agreement, the transcript of the plea hearing, and the transcript of the sentencing hearing, we conclude that Mr. Ruiz-Arreola waived his right to bring this appeal.

Accordingly, we grant the government's motion to enforce the plea agreement, and we dismiss the appeal. We also grant Mr. Ruiz-Arreola's counsel's motion to withdraw.

Entered for the Court
Per Curiam